Michael C. McDonald

*v.*

Marshall J. Allen *et al.*

*Filed at Ottawa May 16, 1889.*

Appeals—*what questions to be considered—conclusiveness of affirmance by Appellate Court.*  Where an action is tried by the court below without a jury, and no exceptions are taken as to the admissibility of evidence, and no written propositions of law are submitted to the court, and the Appellate Court affirms the judgment, that judgment will be conclusive, and on an appeal to this court there will be nothing for it to consider.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. Clifford, Judge, presiding.

Messrs. Meech & Asay, for the appellant.

Mr. L. S. Hodges, for the appellees.

Mr. Justice Bailey delivered the opinion of the Court:

This was an action of debt, brought by Marshall J. Allen, George H. Allen, Augustus S. Pyatt and Edson Bradley Jr., upon an appeal bond, executed to the plaintiffs, by Michael C. McDonald, the defendant, as surety for Edward G. Asay on an appeal from the Circuit Court of Cook county to the Appellate Court of the First District.   Said bond, after reciting the recovery by the plaintiffs, in the Circuit Court, of a decree against Asay for $2850 and costs, and that Asay had prayed for and obtained an appeal therefrom to the Appellate Court, was conditioned that Asay should prosecute his appeal with effect, and pay the amount of the decree, interest, damages and costs rendered and to be rendered against him, in case said decree should be affirmed.   The declaration averred

the affirmance of said decree by the Appellate Court and the recovery by the plaintiffs of their costs in that court, and alleged as a breach the non-payment of the decree, interest and costs. The defendant filed a plea denying the affirmance of the decree by the Appellate Court, and upon the issue joined upon that plea, the cause was tried by the court without a jury. Upon such trial said issue was found for the plaintiffs and their damages assessed at the amount of the decree, interest and costs, and judgment was rendered accordingly.

No complaint is made of any rulings of the court during the progress of the trial, and no propositions were submitted to be held as the law in the decision of the case, the only contention being that the finding of the court was contrary to the evidence. The plaintiffs read in evidence the bond sued on, and a certified copy of an order of the Appellate Court affirming a decree of the Circuit Court in favor of the plaintiffs and against said Asay, and rendering judgment in favor of the plaintiffs for their costs in that court. The defendant thereupon introduced evidence tending to show that the decree actually taken to the Appellate Court by appeal was one rendered in a suit in which Asay was defendant and the plaintiffs and one Stevens were complainants. He thus attempted to raise a question as to the identity of the decree affirmed. The order of affirmance was at least *prima facie* evidence that the decree affirmed was the one appealed from, and such identity was found by the trial court, and that finding has been affirmed on appeal by the Appellate Court. The question thus raised —and it is the only one presented by the present record—is a mere question of fact upon which the judgment of the Appellate Court is conclusive, and there is therefore nothing left for us to do but to affirm the judgment.

*Judgment affirmed.*